# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>IMLACH, et al.,<br><br>　　　　　Defendants. | 1:18-cv-01007-AWI-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, AND THAT PLAINTIFF BE GRANTED AN EXTENSION OF TIME TO FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS, IF NEEDED**<br>**(ECF No. 5.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.　BACKGROUND

Raymond Chad Watkins ("Plaintiff") is a jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 26, 2018. (ECF No. 1.) On July 31, 2018, the court issued an order requiring Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee for this action, within forty-five days. (ECF No. 3.) To date, Plaintiff has not submitted the application or paid the filing fee.

On August 15, 2018, plaintiff filed a document he titled "Petition for Writ of Administrative Mandamus," against the Tuolumne County Jail. (ECF No. 5.) Plaintiff's petition is now before the court.

## II.　PLAINTIFF'S PETITION

Plaintiff seeks a court order compelling jail officials to provide him with a copy of his six-month cash account statement, which he asserts is necessary to proceed in a civil suit.

1

Plaintiff asserts that on multiple occasions while confined at the Tuolumne County Jail as a pretrial detainee he has requested a copy of his six-month cash account statement, and jail officials refused to grant his request and told him to stop requesting the information. Plaintiff requests a court order compelling jail officials to provide him with the copy he has requested, with compensation of $2,500.00 to Plaintiff for denial of his access to the courts.

Because Plaintiff seeks a court order compelling jail officials to act on his behalf, the court construes Plaintiff's petition as a motion for preliminary injunctive relief.

**Preliminary Injunctive Relief**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

To the extent that Plaintiff seeks a court order compelling officers at Tuolumne County Jail to act on his behalf, the court lacks jurisdiction to issue such an order, because the order would not remedy any of the claims upon which this case proceeds.[1] This case was filed against defendants Deputy Imlach, the Tuolumne County Jail, and the Tuolumne County Jail's medical staff, for failure to provide Plaintiff with adequate medical care. Plaintiff also alleges

---

[1] Moreover, to the extent that Plaintiff is requesting a copy of his cash account statement in order to proceed with this case, Plaintiff is informed that he is not required to submit a copy of his account statement with his application to proceed *in forma pauperis*. The form application that was mailed to Plaintiff by the court on July 31, 2018, authorizes "the agency having custody" of him to provide a copy of the account statement to the court. (ECF No. 3-1 at 3.) Therefore, Plaintiff is not required to obtain the copy himself. He only needs to sign and return the application to proceed *in forma pauperis*.

in the Complaint that his criminal case has been biased by the District Attorney, Public defender, and judge, who conspired to alter the charges against him. Plaintiff now requests a court order compelling officers at Tuolumne County Jail to provide him with a copy of his cash account statement. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Plaintiff should, however, be granted an extension of time to file his application to proceed *in forma pauperis*, if needed.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for preliminary injunctive relief, filed on August 15, 2018, be DENIED for lack of jurisdiction; and
2. Plaintiff be granted an extension of time in which to submit his application to proceed *in forma pauperis*, pursuant to the court's order of July 31, 2018.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: __**August 19, 2018**__        ___**/s/ Gary S. Austin**___
                                                                        UNITED STATES MAGISTRATE JUDGE